**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| THE ARBITRATION OF | § | |
| VALERIE BIGGS SAROFIM | § | |
| | § | |
| Claimant, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-4114 |
| | § | |
| TRUST COMPANY OF THE WEST | § | |
| | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Respondent Trust Company of the West ("TCW") has moved to retax the costs of court.  (Docket Entry No. 25, 26).  TCW argues that the cost of a transcript from the arbitration hearing should not be included as a taxable cost.  Sarofim has responded, and TCW has replied.  (Docket Entry Nos. 28, 32).  Based on the motion, the parties' submissions, the record, and the applicable law, this court denies TCW's motion to retax costs, for the reasons set out below.

**I.     Background**

This court's Memorandum and Order entered March 7, 2005 contains a detailed factual background of this dispute.  (Docket Entry No. 23).  Briefly, Sarofim, a former TCW investment client, incurred significant losses in her investment account and invoked the mandatory arbitration provisions of her TCW investment agreement.  The arbitration panel

issued a twenty-page, reasoned decision that awarded Sarofim $6.3 million in actual damages and $2.9 million in punitive damages.  (Docket Entry No. 1, Att. K).  In this court, Sarofim moved to confirm the award in its entirety.  (Docket Entry No. 1).  TCW paid the actual damages portion and crossmoved to vacate the punitive damages portion.  (Docket Entry No. 4).  This court confirmed the award, rejecting the challenge to the punitive damages portion.  (Docket Entry No. 23).  In the final judgment, this court ordered TCW to pay Sarofim $2,971,506.85, consisting of the arbitrator's punitive damages award and postaward, preconfirmation interest.  This court also awarded Sarofim postjudgment interest and the taxable costs of court.  (Docket Entry No. 24).

The bill of costs totaled $3,751.41.  (Docket Entry No. 25).  TCW objects to the largest portion of the taxed costs: $3,666.66 for a transcript of the arbitration hearing. (Docket Entry No. 26).  TCW argues that the hearing transcript was not "necessarily obtained for use in the case" as required under 28 U.S.C. § 1920(2), and that Sarofim had previously agreed to pay for any transcripts she obtained.  Sarofim responds that the copy of the transcript was necessary to the confirmation proceeding, and that the parties agreed only to split the cost of recording, not transcribing, the arbitration hearing.  (Docket Entry No. 28).

A.      The Applicable Legal Standard

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .  Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."  FED. R. CIV. P. 54(d)(1); *see also Gaddis v. United States*, 381 F.3d 444, 449

(5th Cir. 2004).  Section 1920 of Title 28 lists the costs that a federal court has the discretion to tax under Fed. R. Civ. P. 54(d).  *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987).  "[F]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" are taxable by the court under section 1920.  28 U.S.C. § 1920.

### B.     Analysis

A court must award the costs for a transcript if the court finds that the transcript was "necessarily obtained for use in this case."  28 U.S.C. 1920(2).  Under Fifth Circuit authority, courts tax transcript costs under the same standard, regardless of the type of transcripts used, as long as their use was necessary.  "To award the cost of daily transcripts, the court must find that they were not 'obtained primarily for the convenience' of the parties but were 'necessarily obtained for use in this case.'"  *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir. 1983) (quoting *Brumely Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983); *In re Nissan Antitrust Litig.*, 577 F.2d 910, 918 (5th Cir. 1978).  Generally, copies of deposition transcripts are taxable costs if they are obtained for use in the case or for trial preparation and not simply for the convenience of counsel. *Fogleman v. Arabian American Oil Co.*, 920 F.2d 278, 285 (5th Cir. 1991).  Even deposition transcripts not introduced into evidence may be "necessarily obtained for use in the case" if, at the time the deposition was taken, the parties could reasonably expect that the deposition would be used for trial preparation.  *Id.* at 285–86.  A transcript "need not be absolutely indispensable" to support taxing the costs, and the introduction of testimony from a transcript

is not a prerequisite for finding that it was necessary. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000); *see Fogleman*, 920 F.2d at 285–86. Other types of transcripts may also be necessary for a case even when not ultimately presented to the court. *See In re Air Crash Disaster of John F. Kennedy Int'l Airport on June 24, 1975*, 647 F.2d 626 (2d Cir. 1982) (holding that production of a cockpit voice recorder transcript reviewed by plaintiff's expert was a "necessary" expense even though the transcript was not ultimately entered into evidence). The test is whether the transcript was "necessarily obtained for use in this case." *See, e.g., Eastman Kodak*, 713 F.2d at 133; *Fogleman*, 920 F.2d at 285. A finding of necessity is a factual finding. *United States v. Kolesar*, 313 F.2d 835, 839 (5th Cir. 1963). Taxation of transcript expenses is a matter of trial court discretion. *Fogleman*, 920 F.2d at 286 (according a district court "great latitude" in determining the taxable nature of deposition costs).

TCW's main objection is that the arbitration hearing transcript Sarofim obtained was not necessarily obtained for use in this case. (Docket Entry No. 26, p. 2). TCW argues that because Sarofim did not include hearing transcript excerpts in her motion to confirm the award, the transcript was not necessary for use in the confirmation proceeding. (*Id.,* p. 3). TCW claims that Sarofim bears the burden to establish affirmatively that the hearing transcripts were necessary, rather than just a convenience, and contends that Sarofim's attorney's signature to the declaration statement found on the bill of costs form is insufficient to meet this burden. (*Id.*).

TCW's argument is not persuasive. TCW relied on excerpts from the hearing

transcript in the memorandum it filed in support of its motion to vacate.  (Docket Entry No. 7, Ex. L).  TCW filed the arbitral record with the court, consisting of five days of testimony before the arbitration panel and over 250 exhibits.  (Docket Entry No. 16).  A party's use of a transcript to prepare and respond to posttrial briefs is evidence that the transcript was "necessarily obtained for use in the case." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000).  If a party attaches transcript excerpts to its briefs, that also supports a trial court's finding that the transcripts were necessary.  *Id.*  Sarofim did not request a transcript copy during the arbitration hearing or when the panel issued its final award on August 19, 2004.  (Docket Entry No. 28, ¶¶ 3-5).  Sarofim did not order a copy of the transcript when she filed her motion for confirmation on August 27, 2004.  (Docket Entry No. 28, ¶ 4).  On September 1, 2004, Sarofim learned from the court reporting service that TCW had requested a transcript copy, but still declined to order a copy for herself.  (Docket Entry No. 28, Ex. 2).  On September 1, 2004, TCW crossmoved to vacate or modify the award, arguing that the panel had improperly awarded punitive damages.  (Docket Entry No. 8).  According to Sarofim, it was after reviewing this filing that Sarofim ordered a copy of the transcript, on October 5, 2004.  (Docket Entry No. 28, ¶ 7).  The hearing transcript costs were necessarily obtained for use in the confirmation proceeding, not for the arbitration.

TCW cites two unreported cases as authority for a district court to deny the arbitration hearing transcript costs in a later confirmation proceeding.  Neither case applies.  In *Prescott v. Northlake Christian School*, 2003 WL 21283952, at *2 (E.D. La. June 3, 2003), the parties disputed the proper taxing of costs for an arbitration conducted, by party agreement, under

Institute for Christian Conciliation ("ICC") Rules and with a Montana choice of law provision. Citing ICC rules and Montana law, the court denied a request to tax the court reporter fees for recording sworn testimony at the arbitration hearing, because the transcript costs were incurred for the arbitration itself and not for the confirmation proceeding. Under ICC Rules and the Montana Uniform Arbitration Act, any award of hearing transcript fees would have to come from the arbitration panel. 2003 WL 21283952, at *2. *Prescott* does not address the type of cost at issue here: a copy of the transcript procured after the confirmation proceeding was initiated and after respondent had moved to vacate or modify the award. *Prescott* concerned costs taxed for transcripts obtained for use in the arbitration, not for use in a later confirmation proceeding. In this case, unlike *Prescott*, Sarofim did not obtain a copy of the hearing transcript until after TCW sought to vacate the arbitral award. At that point, the transcript became "necessary" to the case in federal court.

TCW also cites *Palombaro v. Reliance Insurance Co.*, 1998 WL 372478, at *2 (E.D. Pa. June 3, 1998), in which a district court denied a successful defendant reimbursement for its cost of obtaining a hearing transcript following a court-ordered arbitration. 1998 WL 372478 (E.D. Pa. June 3, 1998). In *Palombaro*, the court held that the cost of a copy of an arbitration transcript is not taxable because a local rule precluded parties from relying on or referring to the arbitration proceeding or ruling during a *de novo* appeal of that ruling to the district court. *Id.* at *2.[1] In this case, unlike *Palombaro*, the arbitration and confirmation

---

[1] The Eastern District of Pennsylvania's Local Rules require arbitration for "all civil cases" seeking money damages of $150,000 or less, with a trial *de novo* at any party's demand following arbitration. Local

proceeding took place under the Federal Arbitration Act, 9 U.S.C. § 9.  TCW has entered the

hearing transcript into the record and relied on the transcript in its briefs.  (Docket Entry No.

7, Ex. L; Docket Entry No. 9).  In the confirmation proceeding, TCW filed a complete copy

of the arbitration record, including the hearing transcript, indicating that TCW considered the

transcript "necessary" for use in the confirmation proceeding.  (Docket Entry No. 9).  This

court considered the record, including the transcript, during its inquiry into TCW's assertion

that the panel acted with manifest disregard.  (Docket Entry No. 23, p. 16).  By TCW's

filings and arguments, the hearing transcript was necessary for the confirmation proceeding.

TCW also argues that the parties' counsel entered a verbal, prearbitration agreement

to split the hearing costs.  TCW submitted an affidavit of its arbitration counsel, Judith A.

Meyer.  Meyer stated that she and John Dagley, Sarofim's counsel, spoke "regarding the

possibility of having a court reporter transcribe the hearing":

> To the best of my recollection, Mr. Dagley and I verbally agreed, on behalf of
> our respective clients, to have Continental Court Reporters, Inc. record the
> hearing stenographically and to split the cost of obtaining this service.  Mr.
> Dagley and I also agreed that each party would be responsible for
> compensating the court reporter for any additional services ordered by that
> party, including requests for copies of the hearing.

(Docket Entry No. 26, Ex. D).  TCW argues that by taxing the $3,666.66 for a hearing

transcript, the clerk "unwittingly awarded Sarofim a cost that she specifically agreed to bear"

and urges the court to "enforce the parties' agreement."  (Docket Entry No. 26, p. 4).  In

---

Rule of Civil Procedure 53.2(7)(C) states: "At the trial de novo, the court shall not admit evidence that there
had been an arbitration trial, the nature or amount of the award, or any other matter concerning the conduct
of the arbitration proceeding unless the evidence would otherwise be admissible in the Court under the
Federal Rules of Evidence."

response, Dagley states that the parties agreed to split the cost of recording the hearing, not the cost of transcribing it.  Sarofim has already paid $2,558.11, her share of the cost of recording the hearing, and does not seek recovery of that cost in this confirmation proceeding.  In an e-mail from Meyer to the American Arbitration Association, Meyer states that "[t]he parties have agreed to split the cost of a *court reporter to record the hearing*." (Docket Entry No. 28, Ex. 1) (emphasis added).  TCW simply asserts that Meyer's affidavit is "evidence supporting a contrary conclusion."  (Docket Entry No. 32, p. 4).  Meyer's affidavit states that "to the best of her recollection," the parties agreed to be responsible for "additional services" ordered by that party.  This does not contradict Meyer's own e-mail, which stated that the parties agreed to split the cost of recording the arbitration only.  No evidence suggests the parties agreed as to the division of costs incurred postarbitration.  *See Saunders v. Wash. Metro. Area Transit Auth.*, 505 F.2d 331, 334 (D.C. Cir. 1974) (stating that "[o]nly when the litigant has unequivocally waived the entitlement are we justified in excluding it from his bill of costs.").  The disputed costs all occurred well after the arbitration concluded and after TCW sought to vacate the award.  There is no evidence that the parties had any agreement to share any costs incurred to litigate challenges to the award.

Both parties and this court used the hearing transcript in the confirmation proceeding. (Docket Entry No. 28, ¶ 14).  This court finds that Sarofim's copy of the transcript for the five-day arbitration proceeding to be sufficiently " necessary" to the confirmation proceeding that the hearing transcription costs are taxable.

This court denies TCW's motion to retax costs.  (Docket Entry No. 26).

SIGNED on May 9, 2005, at Houston, Texas.

_Lee H. Rosenthal_

Lee H. Rosenthal
United States District Judge