# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| THE ARBITRATION OF | § | |
| VALERIE BIGGS SAROFIM | § | |
| | § | |
| Claimant, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-4114 |
| | § | |
| TRUST COMPANY OF THE WEST | § | |
| | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Valerie Biggs Sarofim has moved for an award of attorneys' fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure.  (Docket Entry No. 27).  Trust Company of the West ("TCW")  objects.  (Docket Entry No. 36).  Based on a careful review of the motion and response, the record, this court denies Sarofim's motion for attorneys' fees, for the reasons stated below.

## I.     Background

Following substantial losses in her TCW investment account, Sarofim invoked the arbitration clause contained in her investment agreements.  An arbitration panel held a hearing and issued a lengthy, reasoned award.  That award granted Sarofim $6.3 million in actual damages and $2.9 million in punitive damages.  When Sarofim moved this court to confirm the award, TCW moved to vacate the punitive damages portion.  TCW paid Sarofim

her actual damages and accrued interest.  This court affirmed the award in its entirety.

Sarofim now moves for attorneys' fees under Rule 54(d)(2).

## II.    Analysis

In the absence of party agreement or statutory authorization, the "American rule" is

that each party to litigation in federal court bears their own attorneys' fees.  *Alyeska Pipeline*

*Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245–47, 95 S. Ct. 1612, 44 L. Ed. 2d 141

(1975); *Texas A&M Research Found. v. Magna Transp. Corp., Inc.*, 338 F.3d 394, 405 (5th

Cir. 2003); *Galveston County Navigation Dist. No. 1 v. Hopson Towing Co.*, 92 F.3d 353,

356 (5th Cir. 1996).  Sarofim is not entitled to attorneys' fees under her TCW investment

agreements.  Those agreements stated that the "fees and expenses of counsel . . . shall be the

responsibility of the parties retaining such counsel."   (Docket Entry No. 4, ¶ 10).   The

arbitration panel examined those agreements and concluded that the agreements did not

permit such an award: "[T]he Panel makes no award of attorneys' fees."  (Final Award, p.

19).

"The FAA does not provide for attorney's fees to a party who is successful in

confirming an arbitration award in federal court."  *Trans Chem. Ltd. and China Nat'l Mach.*

*Import & Export Corp.*, 978 F. Supp. 266, 311 (S.D. Tex. 1997) (citing *Menke v.*

*Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994)).  "The prevailing party may nevertheless

be entitled to attorney's fees in an action to confirm an arbitration award if the opponent's

reasons for challenging the award are 'without merit' or 'without justification,' or are legally

frivolous, that is, brought in bad faith to harass rather than to win."  *Id.*  (citing *Executone*

*Info. Sys. v. Davis*, 26 F.3d 1314, 1331 (5th Cir. 1994)) (other citations omitted). Only if this court finds that TCW's challenge to the award are "without merit," "without justification," or "legally frivolous" would Sarofim be entitled to attorneys' fees.

In *Glover v. IBP, Inc.*, 334 F.3d 471 (5th Cir. 2003),  the district court confirmed an arbitrator's award but refused to award the claimant his attorneys' fees incurred to enforce the award.  As in the present case, the respondent sought to set aside the award by arguing that the arbitrator exceeded his authority.   The Fifth Circuit affirmed both decisions, concluding that fees were not appropriately awarded because the argument against enforcement was "not frivolous." *Id.* at 477.  In *Bruce Hardwood Floors v. UBC, Southern Council of Industrial Workers, et al.*, 103 F.3d 449 (5th Cir. 1997), the district court had confirmed an arbitration award and awarded attorneys' fees to the claimant, finding that the opposing party acted "without justification."  The Fifth Circuit reversed both holdings on appeal.  In that case, the Fifth Circuit concluded that the arbitrator had exceeded his authority, the award should not have been confirmed, and the district had court abused its discretion in awarding attorneys' fees. *Id.* at 453; *see also Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Great W. Food Co.*, 712 F.2d 122, 125 (5th Cir. 1983).  By contrast, in *International Association of Machine & Aerospace Workers v. Texas Steel Co.*, 639 F.2d 279 (5th Cir. 1981), the Fifth Circuit held that the district court had abused its discretion in not awarding attorneys' fees to the claimant.  The court stated that, "when determining whether a party's refusal to abide by an arbitration decision was 'without justification' such as to authorize an award of attorneys' fees to the party seeking

enforcement, it is of course not enough merely to conclude that because the challenge was unsuccessful, it therefore was 'without justification.'"  *Id.* at 283.  "By parity of reasoning, however, the mere assertion that the grounds for a party's refusal to abide by the award concerned the arbitrator's power to make the award does not compel the conclusion that the party's decision must have been justified."  *Id.*  The challenge to the award in that case "addressed not the arbitrator's jurisdiction, but rather the panel's action on a matter involving the 'intrinsic merits' of the dispute, i.e., the panel's interpretation of the grievance and its broad discretion in fashioning an appropriate remedy."  *Id.* at 284.  The court stated that "these grounds for attacking an arbitration award, no matter how characterized, are without merit, and a refusal to abide by a decision based upon such grounds is 'without justification.'"  *Id.*

Sarofim argues that TCW's arguments for vacatur of the award were an attack on the "merits" of the panel's decision to award punitive damages on the facts, rather than the panel's authority to issue the award, and unjustified as a matter of law.  TCW responds that its arguments – manifest disregard of the law, violation of public policy, and exceeding the arbitrators' authority – were supported by the law of judicial review of arbitration awards and by the record.  This court finds that because TCW's arguments were neither frivolous nor lacking in justification, fees should not be awarded.

TCW limited its attack to the punitive damages and interest portion of the award, and did not seek to overturn the actual damages award, a much larger sum.  TCW's arguments, including its argument that the panel acted in manifest disregard of California's punitive

damages statute, required an extensive analysis of the facts and the relevant law.  Neither this argument nor TCW's arguments that the award violated public policy and that the panel exceeded its powers were without justification or legally frivolous.  The standard for disregarding the American Rule regarding attorneys' fees is high.  *Lummos Global Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F. Supp. 2d 594, 648 (S.D. Tex. 2002). Sarofim is not entitled to an award of attorneys' fees based on TCW's attempt to overturn the punitive damages portion of the award.

## III.   Conclusion

Sarofim's motion for attorneys' fees is denied.

SIGNED on May 9, 2005, at Houston, Texas.

Lee H. Rosenthal
United States District Judge