**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN THE MATTER OF § | |
| THE ARBITRATION OF § | |
| VALERIE BIGGS SAROFIM § | |
| § | |
| Claimant, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-04-4114 |
| § | |
| TRUST COMPANY OF THE WEST § | |
| § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER**

Respondent Trust Company of the West ("TCW") has moved under Fed. R. Civ. P. 62 for approval of a supersedeas bond to stay execution of the $2.9 million judgment for punitive damages that this court entered on March 17, 2005, confirming an arbitration award against TCW. (Docket Entry No. 30). TCW has paid the $6.3 million in actual damages awarded, and it is not the subject of the appeal. TCW has submitted a $108,468.94 bond, which covers taxable costs and one year of postjudgment interest. (*Id.*). Under Rule 62(f) of the Federal Rules of Civil Procedure, TCW argues that Texas law applies. Under Texas law, a supersedeas bond is not required for a judgment for punitive damages. TCW's judgment creditor, Valerie Biggs Sarofim, opposes approval of a bond less than the amount of the judgment. (Docket Entry No. 33). Based a careful review of the parties' submissions and the applicable law, this court denies TCW's motion to approve its supersedeas bond

under Rule 62(f). The reasons are set out below.

## I.  Background

A more detailed description of the parties' arbitration and subsequent confirmation proceeding can be found in this court's prior opinion. Briefly, in 2004, an arbitration panel issued a $9.1 million award in favor of Sarofim and against TCW, her former investment company. That award included $2.9 million in punitive damages. Sarofim moved to confirm the entire award in this court. (Docket Entry No. 1). TCW paid the $6.3 million actual damages portion[1] but moved to vacate the $2.9 million punitive damages portion. (Docket Entry No. 4). On March 7, 2005, this court granted Sarofim's motion to confirm the punitive damages portion of the award and denied TCW's crossmotion to vacate. (Docket Entry No. 23). On March 17, 2005, this court entered final judgment in the amount of $2,971,506.85 in favor of Sarofim, plus postjudgment interest and taxable court costs. (Docket Entry No. 24).[2]

TCW filed its notice of appeal on April 14, 2005 and on the same day moved for approval of a supersedeas bond. The bond covers the $108,468.94 of postjudgment interest to accumulate through April 18, 2006, plus costs taxed by the Clerk of Court. TCW argues that under Rule 62(f), this bond is sufficient to stay the execution of judgment pending appeal. Rule 62(f) states:

---

[1] *See* Joint Notice of Partial Payment of Award. (Docket Entry No. 21).

[2] The $71,506.85 amount represented postaward interest that accumulated from the award's payment date until this court's final judgment confirming the award. (Docket Entry No. 23–24).

> In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

FED. R. CIV. P. 62(f). Section 52.006 of the Texas Civil Practice and Remedy Code permits judgment debtors to supersede a judgment by posting bond in the amount of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs. *See* TEX. CIV. PRAC. & REM. CODE § 52.006(a)(2)–(3); TEX. R. APP. P. 24.1 & 24.2(a)(1). The final judgment entered on March 17, 2005 confirmed an award of punitive damages, not compensatory damages. TCW had already paid Sarofim $6.3 million in compensatory damages on February 11, 2005, while disputing its liability for punitive damages. (Docket Entry No. 21). TCW claims that under Texas law it can suspend the execution of the punitive damages judgment by posting a bond covering anticipated interest and costs alone. (Docket Entry No. 30).

Sarofim disagrees, arguing that Fed. R. Civ. P. 62(d) applies and requires TCW to post a supersedeas bond in "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest and damages for delay." *Poplar Grove Planting & Refining Co. v. Bach Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (quotation omitted); *see also Enserch Corp. v. Shad Morahan & Co.*, 918 F.2d 462 (5th Cir. 1990) (vacating unsecured stay of execution).

**II.    Analysis**

Rule 62 governs stays of proceedings to enforce federal court judgments. For stays

pending an appeal, Rule 62(d) states, "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . ." FED. R. CIV. P. 62(d).  The burden is on the moving party "to demonstrate objectively . . . the reasons for departing from the usual requirement of a full security supersedeas bond to suspend the operation of the money judgment." *Wykle v. City of New Orleans,* Civ. A. No. 96-1369, 1997 WL 266615 (E.D. La. May 20, 1997) (citing *Poplar Grove*, 600 F.2d at 1191).

Rule 62(f) applies only if two requirements are met: (1) the state must be one "in which a judgment is a lien upon the property of the judgment debtor"; and (2) the judgment debtor must be "entitled to a stay of execution" in that state.  According to the Fifth Circuit,

> [t]he obvious purpose behind this rule is to allow appealing judgment debtors to receive in the federal forum what they would otherwise receive in their state forum.  This purpose, however, is qualified by the requirement that the state forum treat judgments as a lien, or encumbrance, on the property of judgment debtors.  The purpose behind this requirement is also plain: judgment creditors must be afforded security while judgment debtors appeal.

*Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993).  The parties have not provided, and this court has not found, a Fifth Circuit case specifically addressing whether Texas judgments are liens for the purposes of Rule 62(f).  The Fifth Circuit has, however, held that a judgment is not by itself a lien under Texas law.  *See White v. Fed. Deposit Ins. Corp.*, 19 F.3d 249, 251 n.5 (5th Cir. 1994) ("Under Texas law, no lien is created by the mere rendition of a judgment.").  This is consistent with numerous Texas state decisions.  *See, e.g., Schumann v. Breedlove & Bensey*, 983 S.W.2d 333, 334 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Citicorp Real Estate Inc. v. Banque Arabe Internationale D'Investissement*,

747 S.W.2d 926, 929 (Tex. App.—Dallas 1988, pet denied); *Burton Lingo Co. v. Warren*, 45 S.W.2d 750, 751–52 (Tex. Civ. App.—Eastland 1931, writ ref'd). Neither the Fifth Circuit decision in *White* nor the Texas cases answer whether Texas judgments are liens under Rule 62(f). The Fifth Circuit has provided Rule 62(f) guidance for cases arising under Louisiana and Mississippi law, but not Texas. *See, e.g., Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 806 (5th Cir. 2003) (en banc) (Mississippi law); *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993) (Louisiana law).

Some reported Fifth Circuit decisions have discussed whether other states' lien statutes treat judgments as liens for the purposes of Rule 62(f). In *Whitehead*, the Fifth Circuit reviewed a district court's imposition of Rule 11 sanctions on an attorney whose client obtained a money judgment against a retail store. That attorney attempted to execute the judgment by seizing currency in the store's cash registers and vault. In discussing whether the attorney had filed the writ of execution for an improper purpose, the court noted that "the execution was unnecessary to secure the judgment; the judgment constituted a lien against Kmart's property in Mississippi. Again, nothing in the record indicates [the attorney] disputed in district court that the judgment constituted a lien." *Whitehead*, 332 F.3d at 806. The court cited Mississippi Code § 11-7-191 and Fed. R. Civ. P. 62(f). Mississippi's lien statute states that the court clerk "shall, within twenty (20) days after the adjournment of each term of court, enroll all final judgments rendered at that term." MISS. CODE. ANN. § 11-7-189 (Lexis 2004). "A judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof." MISS. CODE.

ANN. § 11-7-191 (Lexis 2004). Under Mississippi law, judgments are automatically enrolled by the court clerk and become liens on the property of the judgment debtor. The Fifth Circuit in *Whitehead* stated, in *dicta*, that such a judgment is a lien under Rule 62(f). The Mississippi lien statute differs from the Texas provision. In Texas, a judgment becomes a lien only after the judgment creditor obtains and records—in the county in which the debtor owns property—an abstract that contains eight specified details about the judgment. TEX. PROP. CODE. ANN. §§ 52.001–52.007 (Vernon 1984 & Supp. 2004).

In *Castillo*, the Fifth Circuit affirmed a district court's ruling that the appellant, a state compensation fund, was exempt from bond requirements under a Louisiana statute. 999 F.2d at 941–42. A statute specifically exempted the fund from appeal bond requirements.[3] The court then cited Rule 62(f) and noted that, "[i]n this diversity action, great deference must be given to the manifest desire of the Louisiana legislature to allow the Fund to appeal without bond." *Id.* at 942. Turning to Rule 62(f)'s requirement that Louisiana treat a judgment as a lien, the court concluded:

> Although we are convinced that the judgment against the Fund is not a lien on the monies contained in the Patient's Compensation Fund, we believe that the Medical Malpractice Act provides sufficient security to judgment creditors so as to satisfy the purpose behind the Rule 62(f) judgment as a lien requirement.

*Id.* According to the court, under Louisiana law, filing a judgment with the recorder of mortgages creates a "judicial mortgage" that does not cover movable or personal property,

---

[3] The state enacted the amended version exempting the Fund after Castillo had initiated the lawsuit, but the Fifth Circuit found that the statute was "procedural in nature and effect and therefore should be applied retroactively to this litigation." *Id.* at 942 n.9.

including money. *Id.* at 942 n.10. The court concluded that Rule 62(f)'s "purpose" of providing security for a judgment pending its appeal had been satisfied because the Medical Malpractice Act "provides for the satisfaction of judgments out of the [Fund] on a semi-annual basis." *Id.* at 942. If the fund is depleted, each judgment creditor receives a prorated amount. "Thus judgment creditors are able to recover on their judgments." *Id.*

In another Fifth Circuit case, the court found that a state bank did not have to post an appeal bond because under another Louisiana law made applicable through Rule 62(f) such a bank was exempt from execution pending appeal. In *State Bank & Trust Co. of Golden Meadow v. D.J. Griffin Boat*, 926 F.2d 449, 450 (5th Cir. 1991), a district court had entered a money judgment against a state bank. The bank filed a notice of appeal and moved for a stay of execution under a Louisiana state law. That law provided that no execution "should be issued against [a state] bank or its property before final judgment in any suit, action, or proceeding." *Id.* at 450. The bank argued that this provision was analogous to 12 U.S.C. § 91, which prevents the execution of judgments against national banks until final disposition on appeal. The Fifth Circuit agreed and permitted the bank to stay execution without posting a bond. The court's analysis of Rule 62(f) was to state that "[i]t is not contested that in Louisiana a judgment acts as a lien upon the property of the judgment debtor." *Id.* The court did not provide authority for this conclusion, although the Fifth Circuit stated later in *Castillo* that a Louisiana money judgment is not a "judicial mortgage." 999 F.2d at 942 & n.10. Because it is unclear after *Castillo* whether the Fifth Circuit considers a Louisiana money

judgment a lien for Rule 62(f) purposes, *Golden Meadow* does not aid this court's analysis.[4]

The opinions of federal district courts provide no clear answer as to whether a judgment is a lien for Rule 62(f) purposes in states that, like Texas, require additional, nonministerial steps to turn a judgment into a lien. Many conclude that unless state law automatically makes a judgment a lien, judgments are not liens for the purposes of Rule 62(f). *See, e.g., Aldasoro v. Kennerson*, 915 F. Supp. 188, 191–92 (S.D. Cal. 1995) (noting contrary decision from other jurisdiction but holding that California judgments are not liens "[i]n view of the steps necessary to transform a judgment into a lien and the policy objectives underlying Fed. R. Civ. P. 62"). If state law requires more than ministerial actions to turn a judgment into a lien, then Rule 62(f) does not apply. In that case, a judgment debtor falls under Rule 62(d) and must provide a supersedeas bond, subject to the federal court's approval, to obtain a stay upon appeal. *Marandino v. D'Elia*, 151 F.R.D 227, 229 (D. Conn. 1993) (holding Rule 62(f) inapplicable, requiring judgment debtor to comply with Rule 62(d) and stating "Rule 62(f) is unambiguous. As a prerequisite, a judgment must be a lien in the state where the district is located. In Connecticut, a judgment is not a lien. Further steps beyond mere ministerial acts must be taken to transform a judgment into a lien.").[5] By

---

[4]

*See also Burge v. St. Tammany Parish Sheriff's Office*, 2001 WL 1104640, at *1 (E.D. La. Sept. 19, 2001) (stating that Louisiana law exempts public property from seizure and the effect of judicial mortgage, and that without a lien or judicial mortgage, there is no adequate security for a judgment).

[5]

*C.f. Van Huss v. Landsberg*, 262 F. Supp. 867, 869–70 (W.D. Mo. 1967) (holding that because Missouri judgments are automatic liens against real property and not against personal property, a judgment debtor in federal court was not entitled to stay of execution as to all of his property, but only as to his realty; and because state law provides that judgments are automatic liens on real property in smaller counties but

contrast, in one unreported decision interpreting Texas law, a district court denied the judgment debtor a Rule 62(f) stay of execution, noting that a "properly recorded" Texas judgment is a lien against the property of the judgment debtor for Rule 62(f) purposes. *Euromed, Inc. v. Gaylor*, 1999 WL 46224, at *1 (N.D. Tex. Jan. 22, 1999) (stating that "[u]nder Texas law, a properly recorded judgment does constitute a lien on real property of the judgment debtor."). The *Euromed* court denied a stay because it found that the judgment debtor had not satisfied Rule 62(f)'s other requirement, that the debtor is entitled to a stay of execution under state law. *Id.*

One court has concluded that a state's lien law satisfied Rule 62(f)'s judgment-as-a-lien requirement even though state law required additional, nonministerial steps to turn the judgment into a lien. *See Smith v. Village of Maywood*, 1991 WL 277629, at *1 (N.D. Ill. Dec. 20, 1991) (stating that "both facets of [Rule 62(f)] are satisfied" because the judgment would become a lien "once Smith files a certified copy of the judgment in the office of the Recorder of Cook County" and because Illinois law entitles the judgment debtor, a municipality, to a stay without posting a bond). The same court stayed execution of a judgment without an appeal bond in *Spellman v. Aetna Plywood, Inc.*, 1992 WL 80528, at *1 (N.D. Ill. Apr. 8, 1992) (stating that an Illinois judgment, once recorded, acts as a lien against the judgment debtor).

Despite the lack of clear answer from the cases examining Rule 62(f) as applied to a

---

requires the filing of an abstract in larger counties, court will treat all Missouri judgments as liens against the judgment debtor's real property).

judgment under Texas law, Rule 62(f)'s language is "unambiguous." *Marandino*, 151 F.R.D at 229. The first sentence states that the Rule applies "[i]n any state in which a judgment is a lien upon the property of the judgment debtor." FED. R. CIV. P. 62(f). State courts and federal courts interpreting Texas law have repeatedly held that in Texas, a judgment is not in itself a lien. *See White*, 19 F.3d at 251 n.5 ("Under Texas law, no lien is created by the mere rendition of a judgment."); *Schumann*, 983 S.W.2d at 334 ("A rendition of judgment, standing alone, does not create a judgment lien."); *Citicorp Real Estate*, 747 S.W.2d at 929 ("[T]he judgment creditor must comply with the statutory mechanism providing for the creation of judgment liens to acquire a lien on real property owned by the judgment debtor."); *Burton Lingo*, 45 S.W.2d at 751–52 (noting that "[p]reviously existing statutes did provide that judgments should operate as liens" but under current law, "the recording and indexing of an abstract of judgment is not merely to give notice of a pre-existing lien, but such are the statutory means by which a lien, having no previous existence, comes into being."). Because the Fifth Circuit and numerous state courts have concluded that a Texas judgment is not by itself a lien, this court is bound by those cases to conclude that a Texas judgment is not a lien for the purpose of Rule 62(f). Because the first requirement of Rule 62(f) is not met, the rule does not apply to incorporate Texas law. TCW may not supersede this judgment by complying with section 52.006(a). *See* TEX. CIV. PRAC. & REM. CODE § 52.006(a)(2)–(3); TEX. R. APP. P. 24.2(a)(1).

Rule 62(d) permits a court to impose, in its discretion, a bond that is less than the full amount of the judgment. *See Poplar Grove*, 600 F.2d at 1191 ("If a judgment debtor

objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond.)." TCW has already paid Sarofim the actual damages portion of the arbitral award, but has not otherwise submitted evidence demonstrating its ability to satisfy the judgment. *See Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986) (Posner, J.) (stating that "an inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money") (citing *Poplar Grove*). The burden rests with TCW to "demonstrate objectively . . . the reasons for departing from the usual requirement of a full security supersedeas bond to suspend the operation of the money judgment." *See Wykle*, 1997 WL 266615 at *3. The fact that Sarofim has already recovered her compensatory damages would support a decision, on a proper showing, to approve a bond for less than the full judgment. The purpose of punitive damages is to punish and deter violators rather than to compensate victims. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) (stating that punitive damages "punish the defendant for the wrongful conduct that has already occurred, and they deter the current defendant and potential defendants from engaging in similar conduct in the future") (citing 6 B.E. Witkin, SUMMARY OF CALIFORNIA LAW, Torts § 1327 at 785 (9th ed. 1988)); *Estate of Moore v. Comm'r of Internal Revenue*, 53 F.3d 712, 715 (5th Cir. 1995) (collecting cases and stating that "the Texas Supreme Court has

emphasized at least since 1847 that exemplary damages are awarded not to compensate the plaintiff for any injury received but to punish the defendant and to deter others"). Other courts have permitted less than a full supersedeas bond under Rule 62(d) when a portion of the judgment consists of punitive damages. *See Olympia Equipment*, 786 F.2d at 797 ("It is enough that the loss of Olympia's claim for punitive damages, if that were a consequence of [appellant's] bankruptcy, would not so impair the deterrent effects . . . that we should require that the district judge use superhuman efforts to secure this part" of the judgment). Texas state law does not even require a bond for punitive damages. TEX. CIV. PRAC. & REM. CODE § 52.006(a)(2)–(3); TEX. R. APP. P. 24.1 & 24.2(a)(1). Texas law permits Sarofim, should she have concerns about the security of the punitive damages award during the pendency of TCW's appeal, to obtain a lien by filing an abstract of this court's judgment in any Texas county where TCW, as judgment debtor, has property. TEX. PROP. CODE. ANN. §§ 52.001–52.007 (Vernon 1984 & Supp. 2004).

### III.   Conclusion

On the current record, TCW's motion for approval of its supersedeas bond is denied.

SIGNED on May 9, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge